IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

DENNY O'NEIL, JR.,                          )
                                            )
                    Plaintiff,              )        Civil Case No. 07-1754-KI
                                            )
        vs.                                 )        OPINION AND ORDER
                                            )
OREGON ENTERTAINMENT                        )
CORPORATION, an Oregon corporation,         )
d/b/a Fantasy Adult Video,                  )
                                            )
                    Defendant.              )
—————————————————————                       )

        Beth A. Allen
        Sara L. Allen
        Allen² Law, LLC
        811 SW Naito Parkway, Suite 420
        Portland, Oregon  97204

            Attorneys for Plaintiff

        Bradley J. Woodworth
        Bradley J. Woodworth & Associates, PC
        1020 SW Taylor Street, Suite 360
        Portland, Oregon  97205


Page 1 - OPINION AND ORDER

Mitchell C. Baker
Fisher & Phillips LLP
111 SW Fifth Avenue, Suite 1250
Portland, Oregon  97204

      Attorneys for Defendant

KING, Judge:

Plaintiff, Denny O'Neil, Jr., brings an employment action against his former employer, Oregon Entertainment Corporation d/b/a Fantasy Adult Video.  Before the court is defendant's Motion to Dismiss (#8) plaintiff's Second and Seventh Claims for Relief.  For the following reasons, I deny the motion in part and grant it in part, and dismiss the Seventh Claim for Relief.

## BACKGROUND

Oregon Entertainment Corporation d/b/a Fantasy Adult Video is a business that sells and rents "adult" products and videos.  The business also operates video display booths where customers may watch these videos.

Plaintiff brings claims based on theories of retaliation, wrongful discharge, discrimination under federal and state law, hostile work environment under federal and state law, and breach of contract.  Defendant challenges only the wrongful discharge claims in its Motion to Dismiss.

Plaintiff alleges that he was the General Manager for defendant.  As relevant to the wrongful discharge claims, he alleges that around November 1, 2005, he complained to the owner about employees and customers having sex in the video display booths because he believed it was dangerous to the health of customers and employees.  Some employees had been diagnosed with HIV.  The owner did not want to adopt a policy against this practice because the

activity was "good for business."  Complaint, ¶ 9.  When a policy was finally implemented, the owner refused to follow it himself.

In addition, on or about February 3, 2007, after employees complained to him that stools violated the Oregon Occupational Safety and Health Act (OR-OSHA) because they were six inches too tall for the work stations, plaintiff replaced the stools with chairs.  The owner chastised him for doing so.

On February 14, 2007, plaintiff was fired for "budgetary cutbacks" but defendant hired someone else to replace him soon after.

## LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(6) will be granted if plaintiff fails to allege the "grounds" of his "entitlement to relief." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (quotation omitted) (abrogating Conley v. Gibson, 355 U.S. 41, 45-46 (1957) and its test that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim").  A plaintiff does not need to allege detailed facts, but such a requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." Id.  Furthermore, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. (internal citations and quotations omitted).

## DISCUSSION

Defendant moves to dismiss the Second and Seventh Claims for Relief, arguing that neither claim describes the kind of important public duty or public policy that is protected by common law wrongful discharge case law.

Plaintiff's Second Claim for Relief (Wrongful Discharge in Violation of Public Policy Related to Safe Employment) reads, in relevant part, as follows:

> 29.
>
> . . . . Plaintiff claims he was wrongfully discharged for his reasonable belief, good-faith report of an OR-OSHA violation and his resistance and opposition to Defendant's violation of its employees' right to work in a safe and healthy environment.
>
> 30.
>
> A substantial motivating cause of Defendant's termination of Plaintiff was Plaintiff's pursuit of rights of important societal interest indicated by statutory provisions and case law related to his role as an employee.

Complaint at 7. This claim speaks to plaintiff's concern about the stools at the work stations.

Plaintiff's Seventh Claim for Relief (Wrongful Discharge in Violation of Public Policy –Safety Risk to Consumers and Employees) alleges, in pertinent part:

> 70.
>
> Plaintiff complained to Defendant that its policy of permitting employees to engage in unprotected sex with customers during work hours created a danger to the employees, the customers, and a public health risk, and was terminated, at least in part, for urging that the company institute and enforce a policy against such conduct.
>
> 71.
>
> After Plaintiff complained that the policy to prohibit employees from engaging in sexual activities was not being followed by the management and employees, he was terminated.

72.

A substantial motivating cause of Defendant's termination of Plaintiff was Plaintiff's pursuit of rights of important societal interest indicated by constitutional and statutory provisions and case law related to his role as an employee, including his right to protect customers and employees from the risk of acquiring sexually transmitted diseases.

73.

Reporting and preventing activities that endanger public health is a societal obligation and is a compelling public policy of the State of Oregon. This public policy would be thwarted if Defendant were allowed to discharge Plaintiff without liability.

Complaint at 14.

Absent a contractual, statutory, or constitutional requirement, the general rule is that an employer may discharge an employee at any time and for any reason. Babick v. Oregon Arena Corp., 333 Or. 401, 407 n.2, 40 P.3d 1059 (2002). Two exceptions exist. The first is when an employee is discharged for fulfilling an important public duty. Nees v. Hocks, 272 Or. 210, 536 P.2d 512 (1975) (employee discharged for serving on jury duty); Delaney v. Taco Time Int'l, Inc., 297 Or. 10, 681 P.2d 114 (1984) (discharged for refusing to sign a false and arguably tortious statement). The second is when the plaintiff is discharged for exercising a job-related right that reflects an important public policy. Brown v. Transcon Lines, 284 Or. 597, 588 P.2d 1087 (1978) (discharged for filing a workers compensation claim but statutory remedy in place at the time was inadequate); Holien v. Sears, Roebuck & Co., 298 Or. 76, 689 P.2d 1292 (1984) (resisting sexual harassment is an employment-related right).

I.    <u>Public Duty</u>

The first exception to employment at will is when an employee is discharged for fulfilling

an important public duty.  The court "cannot create a public duty but must find one in

constitutional or statutory provisions or case law."  <u>Love v. Polk County Fire Dist.</u>, 209 Or. App.

474, 483, 149 P.3d 199 (2006).  Furthermore, "[t]he provisions or cases relied on cannot merely

express a general public policy; rather, they must encourage specific acts or otherwise

demonstrate that such acts enjoy high social value."  <u>Id.</u> (internal quotations omitted).

A public duty may be "'found' through cases, statutes, rules or constitutional provisions

that either (1) specifically encourage or require a particular action or (2) otherwise demonstrate

that such action enjoys high social value."  <u>Id.</u> at 486 (internal quotations omitted).  However,

"the class of conduct that is deemed to 'enjoy high social value' is very narrowly circumscribed.

Nevertheless, that class consists *at least* of (1) conduct that, by statute or rule, is explicitly

described as being of high social value; and (2) conduct that is similar to that giving rise to

legally compelled obligations to act in other, analogous contexts."  <u>Id.</u> at 486-87.

A.    <u>Too-Tall Stools</u>

Plaintiff alleges employees complained to him about the stools because they were too tall

for the work stations.  Plaintiff replaced the stools with chairs, and the owner chastised him for

doing so.  Eleven days later he was fired.

Defendant argues that the tort of wrongful discharge does not cover a complaint about

workplace safety based upon stools that were not ergonomically correct.

Plaintiff relies on the Oregon Safe Employment Act, ORS 654.001 <u>et seq.</u>, as

demonstrative of the importance of workplace safety.  The Oregon Court of Appeals has referred

to the Oregon Safe Employment Act as "pertain[ing] to protections against retaliation for

'exercising a job-related right that reflects an important public policy,'" which is the second

exception to the at-will doctrine, as opposed to the "important public duty" exception. <u>Love</u>, 209

Or. App. at 208 n.12. Although the statement is *dictum*, I find it to be persuasive. Accordingly, I

do not evaluate plaintiff's Second Claim for Relief under the public duty exception to

employment at will.

        B.    <u>Customer-Employee Sex</u>

Plaintiff alleges that he asked the owner to put a policy in place prohibiting sex between

employees and customers during work hours. Plaintiff alleges he was worried about health risks

from sexually transmitted diseases. The owner did not want to draft such a policy because the

activity was "good for business." A policy was instituted, but was not enforced, and the owner

himself disregarded the policy. Plaintiff alleges he was terminated for requesting that a policy be

adopted and for complaining that the policy was not enforced.

Defendant argues that plaintiff does not allege he was fulfilling a public duty by

complaining about consensual sex between adults.

Plaintiff responds that by sharing his concern about this behavior, he was implementing

several public policies. First, ORS 433.010(1) states, "No person shall willfully cause the spread

of any communicable disease within this state." Plaintiff alleges some of the employees have

HIV, a communicable disease, and those employees were having unprotected sex at work. By

seeking to stop this behavior, he was preventing the spread of a communicable disease.

Plaintiff next argues that his concern also arises out of safety concerns for employees, although he concedes no specific OSHA regulation prohibits workers from having sex with customers at work.

Plaintiff also argues that the public policy arises out of criminal statutes, such as the prohibition on public indecency in ORS 163.465[1] and prostitution in ORS 167.012.[2]  Plaintiff agrees no prostitution occurred here, but he asserts that because defendant did not discourage the activity because it was "good for business," the activity was something more than sex between consenting adults.

Finally, plaintiff argues the public policy arises out of the common law tort of negligent transmission of HIV.  He notes that the refusal to participate in tortious behavior has been considered an important public duty.  See Delaney, 297 Or. at 16-17 (defamation of another employee).   He admits that no case in Oregon has dealt with the transmission of HIV through sexual contact, but he reports that other jurisdictions have recognized it as a tort.  He further

---

[1]ORS 163.465 Public indecency.
(1) A person commits the crime of public indecency if while in, or in view of, a public place the person performs: (a) An act of sexual intercourse; (b) An act of deviate sexual intercourse; or (c) An act of exposing the genitals of the person with the intent of arousing the sexual desire of the person or another person.

[2]ORS 167.012 Promoting prostitution.
(1) A person commits the crime of promoting prostitution if, with intent to promote prostitution, the person knowingly: (a) Owns, controls, manages, supervises or otherwise maintains a place of prostitution or a prostitution enterprise; or (b) Induces or causes a person to engage in prostitution or to remain in a place of prostitution; or (c) Receives or agrees to receive money or other property, other than as a prostitute being compensated for personally rendered prostitution services, pursuant to an agreement or understanding that the money or other property is derived from a prostitution activity; or (d) Engages in any conduct that institutes, aids or facilitates an act or enterprise of prostitution.

argues that a business has a duty to protect invitees from negligent or intentional acts of third persons where foreseeable.  Here, defendant knew about the activity and that some employees had HIV, so transmission would be foreseeable.  Defendant, and possibly plaintiff, could be vicariously liable for personal injuries if a customer contracted HIV from an employee.

Defendant responds that no statutory or constitutional provision or case imposes a duty on plaintiff to prevent employees from engaging in sex with customers.  Prohibiting the spread of communicable diseases, public indecency and prostitution have nothing to do with plaintiff's specific act–objecting to defendant's practice of allowing employees to have sex with customers.

Defendant points out more specific problems with plaintiff's argument.  The communicable disease statute prohibits the "willful" spread of HIV, but plaintiff did not allege willful action on the part of employees, and the statute imposes no duty on him to prevent the spread of communicable disease.  The statute making public indecency a crime is inapplicable–the video display booths are not "public places" according to defendant.  Moreover, plaintiff does not allege that any member of the public was ever forced to watch the sexual acts between employees and customers.  Finally, plaintiff concedes no prostitution occurred.  With regard to plaintiff's argument that he had a duty to stop negligent tortious behavior, defendant argues that even if an employee having sex with a customer were "tortious conduct," plaintiff does not allege any employee was required to have sex with customers.  Plaintiff was not.  Furthermore, he could never be vicariously liable, since only an employer is liable for an employee's torts.  This is not Delaney–plaintiff was not asked to commit a tort and was not fired for refusing to commit a tort.

Page 9 - OPINION AND ORDER

What plaintiff asks me to do is something that is specifically prohibited by the case law; the court cannot create a public duty, but must find it in statutes, the constitution, or case law. Like the court in <u>Babick</u>, I must look closely at the statutory provisions on which plaintiff relies. In that case, private security guards were fired after they arrested concert-goers for assaultive behavior and illegal drug and alcohol possession. The security guards alleged they made the arrests consistent with their training. After reviewing Oregon's criminal statutes, statutes allowing private citizens to arrest lawbreakers, and statutes regulating the training of private security guards, the court concluded, "[W]e find no support in the statutes that have been brought to our attention . . . for a conclusion that some substantial public duty requires the kinds of acts that allegedly triggered plaintiffs' discharge." <u>Babick</u>, 333 Or. at 410.

Similarly, here, neither the prohibition on willfully spreading communicable diseases, nor the prohibition on public indecency imposes a duty on plaintiff to stop employees from having sex with customers. Plaintiff concedes no prostitution occurred here, and defendant is correct that <u>Delaney</u> is not a parallel case–in that case plaintiff was fired for refusing to sign a defamatory statement about another employee. No one asked plaintiff to commit a tort here. Accordingly, plaintiff does not have a wrongful discharge claim for objecting to sex between employees and customers because he was not discharged for allegedly fulfilling an important public duty.

II.    <u>Private Statutory Rights Directly Related to Employment</u>

The second exception to employment at will prohibits an employer from discharging an employee for exercising a job-related right of public importance. <u>Brown</u>, 284 Or. 597, 588 P.2d 1087 (1978) (discharged for filing a workers compensation claim but statutory remedy in place at

the time was inadequate); <u>Holien</u>, 298 Or. 76, 689 P.2d 1292 (1984) (resisting sexual harassment is an employment-related right).  Under this category, "the common law rule for at-will employment prevails unless the employe is discharged while pursuing a right related to his role as an employe and the right is one of important public interest indicated by constitutional and statutory provisions and caselaw."  <u>Holien</u>, 298 Or. at 86 (quoting <u>Delaney</u>, 297 Or. at 15-16).

    A.    <u>Too-Tall Stools</u>

Plaintiff relies on the Oregon Safe Employment Act, asserting that he was opposing, on behalf of his subordinates, the use of ergonomically incorrect stools.  Specifically, ORS 654.010 provides:

> Every employer shall furnish . . . a place of employment which [is] safe and healthful for employees . . . and use such devices and safeguards, and shall adopt and use such practices, means, methods, operation and processes as are reasonably necessary to render such employment and place of employment safe and healthful, and . . . do every other thing reasonably necessary to protect life, safety and health of such employees . . . .

ORS 654.015 provides, "No employer or owner shall construct or cause to be constructed or maintained any place of employment that is unsafe or detrimental to health."  Furthermore, ORS 654.022 imposes a duty on employers and employees to

> obey and comply with every requirement of every order, decision, direction, standard, rule or regulation made or prescribed by the department . . . affecting safety and health in employments . . . and shall do everything necessary . . . in order to secure compliance with and observance of every such order, decision, direction, standard, rule or regulation.

Finally, employees "should notify the employer of any violation of law, regulation or standard pertaining to the safety and health in the place of employment when the violation comes to the knowledge of the employee."  ORS 654.062(1).

Page 11 - OPINION AND ORDER

The statutes quoted above give employees the right to discover unsafe workplace conditions, oppose unsafe workplace conditions, and "do everything necessary . . . to secure compliance" with OR-OSHA orders, decisions, directions, standards, rules or regulations. Furthermore, plaintiff's right to oppose unsafe work practices is a right of important public interest as evidenced by the statutory provisions quoted above.  See Love, 209 Or. App. at 208 n.12.  Accordingly, assuming plaintiff's allegations are true, plaintiff was discharged for pursuing an important right related to his role as an employee.

The question becomes whether the condition plaintiff corrected–too tall stools–poses the kind of workplace safety consideration about which the Oregon Safe Employment Act is concerned.  Plaintiff relies on three websites to support his assertion that ergonomically incorrect work stations are a common risk to worker safety, and asserts that he researched these sites prior to replacing the stools with chairs.  As a result, he argues he had a reasonable belief that the stools his employer provided to employees violated ergonomic standards.

Defendant, however, points out that plaintiff cites no regulations demonstrating that the stool height was a violation.  According to defendant, the websites plaintiff relies on are publications discussing chairs and "comfortable computer work," but do not identify any standards.  Only California and Washington have adopted state ergonomics standards.  Instead, "Oregon OSHA's (OR-OSHA) strategic plan includes activities designed to reduce musculoskeletal injuries through outreach and the use of *voluntary services*."  State Occupational Safety and Health Programs and Ergonomics,  http://www.osha.gov/SLTC/ergonomics/

state_plan.html (last visited Mar. 10, 2008) (emphasis added).  Relying on <u>Lockhart v. Louisiana-Pacific Corp.</u>, 102 Or. App. 593, 795 P.2d 602 (1990), defendant argues plaintiff must have complained about conduct that actually violated a standard.

Oregon law has provided some guidance on this question.  In <u>McQuary v. Bel Air Convalescent Home, Inc.</u>, 69 Or. App. 107, 684 P.2d 21 (1984), the Oregon Court of Appeals determined that an employee who reports nursing home patient abuse need only have a good faith belief that the abuse occurred.  In arriving at that conclusion, the court remarked that the Oregon Safe Employment Act does not require the "alleged violation which the employe claims be ultimately proved."  <u>Id.</u> at 111.  Indeed, the agency regulation permits any person to alert the agency of "*possible* violations of any statute or of any lawful regulation, rule, standard or order affecting employee safety or health at a place of employment,"  although only complaints made in good faith are maintained as confidential.  OAR 437-001-0285 (emphasis added); <u>Hood Technology Corp. v. Oregon Occupational Safety & Health Div.</u>, 168 Or. App. 293, 7 P.3d 564, 571 (2000).

I conclude that an employee who opposes what he in good faith believes to be a violation of the Oregon Safe Employment Act, or any OR-OSHA orders, decisions, directions, standards, rules or regulations, may bring a wrongful discharge claim.  Plaintiff has alleged that he opposed what he in good faith believed to be an OR-OSHA violation, based on his review of OSHA websites that appear to identify ergonomic standards.  As a result, I deny defendant's motion to dismiss plaintiff's second claim for relief.

Page 13 - OPINION AND ORDER

B.      <u>Customer-Employee Sex</u>

Plaintiff argues, without specific support, that he had a job-related right to stop employees from engaging in unprotected sex with customers to prevent the employees from contracting sexually transmitted diseases.  Plaintiff concedes no specific OSHA regulation prohibits workers from having sex with customers at work.  He has pointed to no constitutional or statutory provisions, or cases, which support such a right, or that it is a right of important public interest.  I grant defendant's motion to dismiss plaintiff's Seventh Claim for Relief.

## CONCLUSION

For the foregoing reasons, I grant in part and deny in part defendant's Motion to Dismiss (#8).  I dismiss plaintiff's Seventh Claim for Relief.

IT IS SO ORDERED.

Dated this _____10th_____ day of March, 2008.


  /s/ Garr M. King_____
Garr M. King
United States District Judge